JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SIUFANUA,<br><br>            Plaintiff,<br><br>     v.<br><br>MARATHON REFINING LOGISTICS SERVICES LLC; MARATHON PETROLEUM COMPANY LP; CLAUDIA E. ESQUEDA; YOLANDA V. JAMES; and DOES 1-50,<br><br>            Defendants. | Case No. 2:24-cv-08768-SPG-JPR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 12]** |

    Before the Court is the Motion to Remand, (ECF No. 12 ("Motion")), filed by Plaintiff Thomas Siufanua ("Plaintiff"). Defendants Marathon Refining Logistics Services LLP and Marathon Petroleum Company LP ("Marathon Defendants") oppose. (ECF No. 19 ("Opp.")). Plaintiff filed a reply. (ECF No. 20 ("Reply")). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

## I. BACKGROUND

Plaintiff commenced this action in Los Angeles County Superior Court on August 22, 2024, asserting claims arising out of his previous employment relationship with Marathon Defendants. (ECF No. 1-2 ("Compl.")). Plaintiff brought seven claims for employment discrimination under California state law and one common law claim for intentional infliction of emotional distress against the Marathon Defendants. (Compl. at ¶¶ 25–67, 80–126). Plaintiff additionally brought one claim for whistleblower retaliation under California Labor Code sections 1102.5 and 232.5 against the Marathon Defendants, as well as two of Marathon Defendants' human resources employees, individual Defendants Claudia E. Esqueda ("Defendant Esqueda") and Yolanda V. James ("Defendant James"), (together, "Individual Defendants"). (Compl. at ¶¶ 68–79; Opp. at 8). The Complaint alleges that both Plaintiff and the Individual Defendants are residents of California. (Compl. at ¶¶ 2–6).

On October 11, 2024, the Marathon Defendants filed a Notice of Removal, asserting as the basis for removal that this Court has diversity jurisdiction over the action. (ECF No. 1 ("NOR") ¶ 1). In particular, the NOR asserts that this Court should ignore the citizenship of the Individual Defendants because they are "sham defendants," who were fraudulently joined to defeat diversity jurisdiction, and the remaining Marathon Defendants are completely diverse from Plaintiff. (NOR ¶ 1). On October 29, 2024, after the case was removed to federal court, the Individual Defendants were served with the summons and complaint. (ECF Nos. 12-3, 12-4). On November 12, 2024, Plaintiff filed this Motion, contending that this Court lacks jurisdiction because the Individual Defendants are citizens of the same state as Plaintiff. (Motion at 2).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action filed in state court to federal court if the federal court would

have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). Diversity jurisdiction requires that each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the person resides at the person's "permanent home" with the intent to remain or the place to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

### A. Fraudulent Joinder of Individual Defendants

Plaintiff asserts this Court should remand because the Individual Defendants and Plaintiff are citizens of the same state, and therefore the Court lacks jurisdiction over the removed action because there is not complete diversity of citizenship between the parties.[1] (ECF No. 12-1 at 6–7). Marathon Defendants do not dispute the Individual Defendants are California residents. *See generally* (Opp.; NOR). They instead assert that the Individual

---

[1] Plaintiff does not challenge Marathon Defendants' assertion that the amount in controversy exceeds $75,000. *See* (NOR at ¶¶ 24–31; Motion). The Court therefore will not address this requirement for diversity jurisdiction.

Defendants were fraudulently joined "solely for the purpose of defeating federal jurisdiction." (Opp. at 8).

There are two types of fraudulent joinder. First, there can be "actual fraud in the pleading of jurisdictional facts." *Grancare*, 889 F.3d at 548 (citations omitted). Second, there can be fraudulent joinder "if the plaintiff fails to state a cause of action against resident defendant, and the failure is obvious according to the rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). But "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

Consequently, the removing party carries a heavy burden to prove fraudulent joinder. The removing party must prove there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. 2013). Merely a "glimmer of hope" that plaintiff can sustain a claim is enough to prevent application of the fraudulent joinder doctrine. *Id.* "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." *Marin v. FCA US LLC*, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021). This burden evinces the "general presumption against fraudulent joinder." *Hamilton Materials*, 494 F.3d at 1206. If the removing party can show, however, that that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then the Court may find the resident defendant was fraudulently joined. *Id.* (quotation omitted).

Here, Marathon Defendants contend that Plaintiff "cannot maintain his whistleblower retaliation claim against [the Individual Defendants] as a matter of law," because a whistleblower retaliation action under California Labor Code section 1102.5 may

1  not be brought against an individual.  (Opp. at 8).  But Marathon Defendants' argument
2  cannot overcome their heavy burden to prove removal is proper.
3       California Labor Code section 1102.5 was amended in 2014 to add language to
4  encompass actions by "an employer or *any person acting on behalf of an employer* . . . ."
5  Cal. Lab. Code § 1102.5 (emphasis added).  As Plaintiff acknowledges, California and
6  federal courts have found this amendment does not contain "clear language imposing
7  personal liability on all employees for their own harassing actions."  *See* (Opp at. 8 (citing
8  *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162 (2008)).  Because "as a
9  matter of state law[] it is not obvious whether a defendant can or cannot be found personally
10 liable under [section] 1102.5," numerous "California district courts have considered this
11 exact issue from this particular procedural posture" and "have continually determined that
12 the action must be remanded."  *Moren*, 2021 WL 5602820, at *2 (collecting cases).  This
13 is because "no binding California case law has addressed (much less resolved)" the
14 statutory ambiguity in section 1102.5.  *Id.* at *3.  Indeed, multiple courts in this district
15 have found "there was enough uncertainty on this question to warrant remand."  *Munoz v.*
16 *Caliber Holdings of Cal., LLC*, 2024 WL 4836468, at *3 (C.D. Cal. Nov. 20, 2024) (citing
17 *Dawson v. Careguard Warranty Serv., Inc.*, 2024 WL 661198 (C.D. Cal. Jan. 12, 2024));
18 *see also Rubio v. Ritz-Carlton Hotel Co., LLC*, 2024 WL 4556977, at *2 (C.D. Cal. Oct.
19 22, 2024) ("[T]here remains uncertainty as to whether state courts would agree" that
20 section 1102.5 permits individual liability).
21      Marathon Defendants have not presented any arguments demonstrating that this case
22 should be treated differently from other cases that have come before California district
23 courts in "this particular procedural posture."  *Moren*, 2021 WL 5602820, at *2. Marathon
24 Defendants' NOR and Opposition rely on cases where federal district courts have held that
25 "individual managers are not liable under section 1102.5."  (Opp. at 7–11; *see also* NOR
26 ¶ 19).  But each of these cases were in a different procedural posture from a motion to
27 remand.  Instead, these cases reached the merits of whether California state courts *may find*
28 that section 1102.5 does not apply to individuals on a motion to dismiss.  *See Bales v. Cty.*

-5-

*of El Dorado*, 2018 WL 4558235 (E.D. Cal. Sept. 20, 2018); *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073 (S.D. Cal. 2018); *CTC Glob. Corp. v. Huang*, 2018 WL 4849715 (C.D. Cal. Mar. 19, 2018); *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020 (S.D. Cal. 2017); *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966 (N.D. Cal. 2016); *Tillery v. Lollis*, 2015 WL 4873111 (E.D. Cal. Aug. 13, 2015); *Conner v. Aviation Servs. of Chevron U.S.A.*, 2014 WL 5768727 (N.D. Cal. Nov. 5, 2014); *Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219 (E.D. Cal. 2009). One of the cases cited by Marathon Defendants, *Mewawalla v. Middleman*, points out the difference between a finding of no individual liability under section 1102.5 on a motion to dismiss, and a finding of fraudulent joinder for the purposes of denying remand under the same statute: whereas on a motion to dismiss "[d]istrict [c]ourts have reasoned that if the California Supreme Court were to address the issue, it would hold that section 1102.5 does not impose personal liability;" on a motion to remand, district courts have not made such a presumption, since "a California appellate [court] ha[s not] spoken on the specific issue." 601 F. Supp. 3d 574, 608–09 (N.D. Cal. 2022). Precisely because California appellate courts have not addressed the statutory ambiguity in section 1102.5, there is "enough uncertainty on this question to warrant remand." *Rubio*, 2024 WL 4556977, at *2.

Marathon Defendants therefore have failed to carry the "heavy burden" required to warrant removal of this action.[2] *Hunter*, 582 F.3d at 1044. The statutory ambiguity of section 1102.5 is enough to offer a "glimmer of hope" of Plaintiff. *Gonzalez*, 2013 WL 100210, at *4. The Court therefore finds that Marathon Defendants have not established fraudulent joinder of the Individual Defendants.

---

[2] Because the Marathon Defendants do not carry their burden to show that the Individual Defendants were fraudulently joined as it relates to their individual liability under section 1102.5, the Court declines to address Marathon Defendants' argument regarding Individual Defendants' liability under California Labor Code section 232.5. (Opp at 13).

### B. Whether Service After Removal Prevents Remand

Marathon Defendants additionally contend that because Plaintiff did not serve Individual Defendants with the Complaint until *after* Defendants removed the action to federal court, the "plain language" of 28 U.S.C. § 1441(b)(2) prevents remand, on the basis that Individual Defendants were not "properly 'joined and served'" at the time the action was removed to federal court. (Opp at 13 (citing 28 U.S.C. § 1441(b)(2)). But it is "well-established that the Court cannot ignore a defendant's citizenship simply because the defendant has not been served." *Parra v. Citizens Telecom Servs. Co. LLC*, 2023 WL 5044925, at *2 (C.D. Cal. Aug. 7, 2023) (quotation omitted) (collecting cases). "[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Therefore, the Court will not ignore the Individual Defendants' citizenship simply because the Individual Defendants were served after removal.

## IV. CONCLUSION

Because Marathon Defendants have not shown that the Individual Defendants were fraudulently joined or shown that the Court should ignore Individual Defendants citizenship due to their service after removal, the Court must consider the citizenship of the Individual Defendants. Because the Complaint alleges that Plaintiff and the Individual Defendants are citizens of the same state, and Marathon Defendants do not challenge the truth of this allegation, the Court finds there is no diversity of citizenship between the parties, and this Court lacks subject matter jurisdiction over the action.

//
//
//
//
//
//
//

1    For the foregoing reasons, Plaintiff's Motion is GRANTED. This action is
2 REMANDED to the Los Angeles County Superior Court.
3    **IT IS SO ORDERED.**

DATED: February 11, 2025

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE